IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELKIN MELENDEZ-SANTIAGO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 12-1351 (CVR)
Re: Criminal No. 05-302 (DRD)

**OPINION AND ORDER**

**INTRODUCTION**

After a Grand Jury returned a seven count Indictment against Elkin Meléndez-Santiago (hereinafter "petitioner Meléndez-Santiago" and/or "petitioner") and some eleven other co-defendants in Criminal No. 05-302 (DRD). Petitioner was charged in Counts One, Four and Seven (forfeiture allegation) for violations related to a conspiracy to import controlled substances from a place outside the United States, aiding and abetting in two importations of 220 kilograms of cocaine and an asset forfeiture count, in violation to Title 21, United States Code, Sections 952 and 953 (Count One); Section 952(a) and Title 18, United States Code, Section 2 (Count Four).

Upon conviction after a jury trial, Meléndez-Santiago was sentenced to 360 months as to Count One and Four, to run concurrently with each other, and 5 years of supervised release for each count to be served concurrently, and a criminal monetary penalty of two hundred dollars. (Criminal No. 05-302, Docket No. 620, Judgment). The conviction and sentence were affirmed on appeal United States v. Meléndez-Santiago, 644 F.3d 34 (1st Cir. 2011).

Elkin Meléndez Santiago v. United States
Civil No. 12-1351 (CVR)
Opinion and Order
Page No. 2

     Petitioner then filed a motion for post-conviction relief as to his conviction and sentence for drug conspiracy offenses in Criminal No. 05-302 (DRD). Petitioner submits that, ineffective assistance of counsel for alleged failure to prepare for trial, resulted in a guilty verdict. Petitioner also claims his counsel was unable to obtain a plea offer from the government without a cooperation agreement. Petitioner also objects that, at the time of sentence, he received a two level enhancement for firearms and a four level enhancement for his leadership role in the conspiracy and these enhancements were but a result of the government information to the Probation Office. (Docket No. 2). A supplemental motion, with a request for leave to file, further argued counsel failed to properly advise or rather convinced Meléndez-Santiago as to advisability of accepting the plea offered prior to trial. (Docket No. 10).[1]

## LEGAL ARGUMENTS

     Petitioner Meléndez-Santiago raises in his post-conviction motion that: (1) counsel failed to prepare for trial due to personal problems; (2) a plea offer for 135-168 months was given based on cooperation but counsel did not obtain a plea offer without the cooperation clause; (3) petitioner received a two level enhancement for firearm although he was not in control of the firearm and the enhancement was obtained from AUSA's information to the Probation Officer and (4) he also received a four level enhancement for leadership role. As to the enhancement, petitioner argues the sentence computation was obtained from AUSA's

---

[1] Petitioner Meléndez-Santiago has consented to jurisdiction by a Magistrate Judge. (Docket No. 11). The Court had referred the case in its entirety, including the entry of judgment. (Docket No. 9).

information to the Probation Officer wherein defendant was made a major player in the conspiracy.

The government filed its response to the petition indicating all issues raised by petitioner Meléndez-Santiago are but conclusory allegations, without reference to the record and are facially inadequate claims not cognizable under a §2255 petition. (Docket No. 7)

Notwithstanding petitioner's claims that his initially retained counsel Jorge L. Armenteros-Chervoni (hereafter "counsel Armenteros"), who was thereafter appointed under the CJA when petitioner stated he lacked funds to continue payment of attorney's fees, was not ready for trial, the record establishes quite to the contrary. We explain.

Counsel Armenteros represented petitioner Meléndez-Santiago from the onset and fought his case from the start of the detention hearing and subsequently filed a *de novo* hearing request as to bail, that was denied. (Criminal No. 05-302, Docket No. 51, 81). Counsel appeared at the numerous Status Conferences scheduled by the Court, as well as filed several motions seeking to suppress evidence. Counsel for Meléndez-Santiago filed a Motion to Suppress Evidence Title III evidence of recorded conversations. (*Id.*, Docket Nos. 71, 72, and 73). Upon the government's reply, the Court scheduled a suppression hearing. (*Id.*, Docket Nos. 91, 93). The request to suppress Title III evidence was denied. (*Id.*, Docket No. 153). Counsel Armenteros also requested time to submit for new evidence to be filed for reconsideration as to the suppression issues and requested he be allowed to file once the government produced some additional reports. The Court denied time to file and

allowed counsel to raise issues as a Rule 29 motion at the jury trial. (Criminal No. 05-302, Docket No. 164, 165, 179).

The record further shows counsel for Meléndez-Santiago filed a request for the Court to entertain a suppression hearing on the statements provided by defendant, which for no fault of counsel had been left pending when the Magistrate Judge to whom it had been referred was elevated to Article III Judge and was no longer participating in the case. The Court denied the request without a hearing. (*Id.*, Docket No. 216). Counsel then filed a reconsideration of the Court's denial of the suppression issue without a hearing. (*Id.*, Docket Nos. 217). The Court reconsidered and scheduled the corresponding suppression hearing. (*Id.*, Docket Nos. 226 and 229). There were several discovery attempts prior to the suppression and motions were filed for the government to produce same. (*Id.*, Docket Nos. 236 and 238). During a recess of the suppression hearing, which took several days, counsel for defendant and the government requested the hearing to be rescheduled while plea negotiations were undergoing. (*Id.*, Minutes, Docket No. 245). A continuance of the re-scheduled suppression hearing was allowed for the parties to continue with their plea negotiations, which required the supervisors from the United States Attorney's Office to be present. (Criminal No. 05-302, Docket Nos. 249, 258, and 259).

Insofar as complaints by petitioner as to his counsel not advising him as to a plea with the government, the record clearly shows that, upon a scheduled of suppression hearing that was continued or change of plea, counsel informed the Court in open court defendant Meléndez-Santiago was not willing to accept as part of the plea agreement a

waiver of appeal. As such, the change of plea was cancelled and the suppression hearing was re-scheduled. (*Id.*, Docket No. 260).

Finally, the Court ruled on the suppression issue of defendant's statement, denying suppression upon finding defendant voluntarily waived his rights and gave statements, even acknowledging on the record defense counsel had rigorously cross-examined the government witnesses at the hearing. (*Id.*, Docket Nos. 320, 321, Opinion and Order, Amended, p. 15).

The jury trial initiated on October 1, 2007, where petitioner Meléndez-Santiago and another co-defendant faced jury trial while the remaining co-defendants had already entered their respective guilty pleas. After twenty-nine days of trial, on December 21, 2007, the jury returned a verdict of guilty on Counts 1, a conspiracy to import controlled substance of at least 5 kilograms or more of cocaine, 1 kilogram or more of heroin; and Count 4, importation of 5 kilograms or more of cocaine. (Criminal No. 05-302, Docket No. 495).

Upon conviction and prior to sentence, defense counsel for defendant Meléndez-Santiago submitted an extensive sentencing memorandum with numerous supplements in support. (*Id.*, Docket No. 613). On September 30, 2008, the court imposed sentence of 360 months as to each count, to be served concurrently. Counsel appealed and judgment was affirmed, mandate was issued.

Although petitioner Meléndez-Santiago objects in this post-conviction relief motion the enhancement received at sentence because of a firearm and for leadership role, the

Court of Appeals in the direct appeal to his conviction already determined the conspiracy conviction established through trial evidence Meléndez-Santiago provided cash to co-conspirators to cover expenses of the drug smuggling operations as to the purchase and the importation of drugs. Such determination supports the enhancement for defendant's role in the conspiracy. The Court of Appeals also determined it was known and foreseeable that firearms were being carried in furtherance of the conspiracy, justifying a sentence enhancement. United States v. Meléndez-Santiago, 644 F.3d at 56.

It is well known that issues resolved on appeal are not to be rehashed in a post-conviction relief motion. As such, petitioner Meléndez-Santiago is precluded from reasserting the enhancement issues in his §2255 petition. *See* Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) (*citing* Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984) (challenges addressed and rejected on direct appeal are also foreclosed in post-conviction petitions). Accordingly, petitioner's claims regarding sentence enhancement for firearm and his role in the conspiracy need not be now considered by way of post-conviction relief.[2]

Petitioner Meléndez-Santiago also claims ineffective assistance of counsel on a general allegation that his counsel was not prepared for trial and failed to address plea bargaining without a cooperation agreement.

---

[2] The transcript of the sentencing proceedings shows the Court considered these enhancements as supported by the trial evidence not merely from the statement of the prosecutor to the Probation officer as claimed in the petition. (Criminal No. 05-302, Docket No. 643, Sentencing Transcript, pp.8-18 on leadership role; pp. 18, 20-22, on firearms).

Elkin Meléndez Santiago v. United States
Civil No. 12-1351 (CVR)
Opinion and Order
Page No. 7

      To succeed on an ineffective assistance of counsel claim, petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *See* Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996). In applying this test, first announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984), judicial scrutiny of counsel's performance must be highly deferential. There is, in other words, a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*.

      The record defies petitioner's conclusory allegations that his counsel did not properly represent him at trial and to the contrary showed vigorous legal representation by Atty. Armenteros at pretrial, trial, sentence and appeal levels. Meléndez-Santiago initially retained counsel Armenteros and thereafter sought he continued as counsel by being appointed under the CJA.

      A counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. Under Strickland, 466 U.S. at 688, counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms. In light of the circumstances, petitioner is required to identify acts or omissions by counsel

which need to be outside the wide range of professional competent assistance. Petitioner Meléndez-Santiago has solely generally claimed counsel was not prepared for trial, which is clearly belied by the record of proceedings before the Court.

Rule 4, Rules Governing Section 2255 Proceedings in the United States District Courts provides:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

A perusal of the record before this Court in the criminal proceedings and the succinctly described representation of the legal services he received from his counsel, fail to establish petitioner Meléndez-Santiago has grounds for a claim of ineffective assistance of counsel.

Thus, petitioner has not met the two-part test laid by Strickland as to counsel's performance in support of a valid claim of ineffective assistance in that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a "defendant makes both showings, it cannot be said that the conviction or sentence resulted from a breakdown in the adversary process that renders the result unreliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. See United States v. Colón-Torres, 382 F.3d 76, 86 (1st Cir. 2004).

More so, petitioner Meléndez-Santiago's general allegations as to ineffectiveness do not address any error by his counsel that would be so serious to be considered his counsel was not functioning as the Sixth Amendment legal representation. Petitioner has not discussed one particular error in his petition.

Finally, we note that no hearing in this case is warranted. A post-conviction hearing is unnecessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir.1974). As such, a "§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.' " Shraiar v. United States, 736 F.2d 817, 818 (1st Cir.1984) (citations omitted); Rule 4(b), Rules Governing Section 2255 Proceedings. See United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) (the 2255 statute provides in pertinent part that unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall grant a prompt hearing).

In light of the available record, the petition claiming ineffective assistance of counsel on the grounds raised has no merits for the allegations of fact set forth in the petition are to be taken as true unless those allegations are merely conclusory, contradicted by the record, or inherently incredible. As summarized above, in the present case these allegations are clearly defied by the record before the Court.

Elkin Meléndez Santiago v. United States
Civil No. 12-1351 (CVR)
Opinion and Order
Page No. 10

## CONCLUSION

In view of the foregoing, petitioner's motion for post-conviction relief is DENIED and this case is DISMISSED WITH PREJUDICE.

Judgment to be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 18th day of March of 2013.

        S/CAMILLE L. VELEZ-RIVE
        CAMILLE L. VELEZ-RIVE
        UNITED   STATES   MAGISTRATE   JUDGE